[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant Commissioner of the Connecticut Department of Motor Vehicles (DMV) suspending his motor vehicle operator's license for a period for one year.[1] The plaintiff is aggrieved by this decision and brings this appeal pursuant to the Uniform Administrative Appeals Act (UAPA), General Statutes § 4-166, et seq.; § 4-183.
At approximately 7:00 p.m. on March 12, 1998, the plaintiff was operating a motor vehicle on a public highway in Derby, Connecticut. A Derby police officer observed the plaintiff's vehicle drive through a red traffic control signal at the intersection of Water Street and Main Street. After the officer stopped the plaintiff's vehicle, he detected an odor of marijuana emanating from the interior of the vehicle. The plaintiff responded to a request for his license, registration and insurance card by handing his passport to the officer. Mr. Stancuna's eyes appeared to be very bloodshot and he repeatedly giggled. He successfully performed the majority of the field sobriety tests which the officer requested.
A small quantity of marijuana and a burned marijuana cigarette were found in the vehicle's ashtray. The plaintiff was arrested for violation of General Statutes § 14-229, Failure to Obey a Traffic Control Signal; General Statutes § 38a-371, Failure to Have Mandatory Security; General Statutes § 21a-279c, Possession of a Controlled Substance and General Statutes § 14-227a, Driving While Intoxicated.
The plaintiff was advised of his Miranda[2] rights, given his implied consent advisory, and given an opportunity to contact an attorney.
The police officer requested that the plaintiff submit to a urine test to determine whether he had been operating under the CT Page 8317 influence of alcohol or drugs. The plaintiff refused, in the presence of two police officers, to submit to a urine test.
The suspension hearing provided under § 14-227b is limited to four issues.[3] It is not disputed that the plaintiff was placed under arrest, refused to submit to the test or analysis, and was the person operating the motor vehicle. Thus, the issue remaining is limited to probable cause: "Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both. . . ." General Statutes § 14-227b (f)(1). The court finds that issue for the DMV, affirms the decision and dismisses the appeal.
"Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." (Internal quotation marks omitted.)State v. Barton, 219 Conn. 529, 548 (1991). "It is a flexible common sense standard that does not require the officer's belief to be either correct or more likely true than false." State v.Stevens, 26 Conn. App. 805, 810, aff'd 224 Conn. 730 (1993).
The facts supporting probable cause include the following:[4] odor of marijuana; very bloodshot eyes; erratic operation by driving through a red traffic control signal; giggling in response to questions; providing the police officer a passport rather than requested documents; presence of marijuana in the vehicle; presence of a burned marijuana cigarette in the ashtray of the vehicle in which the plaintiff was the only occupant; as well as the plaintiff's performance on field sobriety tests.[5]
These facts constitute substantial evidence supporting the probable cause finding under § 14-227b (f)(1).
The decision is affirmed and the appeal is dismissed. The stay of the license suspension order is vacated.
Robert F. McWeeny, J.